E. L. Gilbert and Ben Gilbert, both of Fort Worth, for appellee.

**MORING v. WOLF & KLAR, Inc.**

**No. 14145.**

Court of Civil Appeals of Texas. Fort Worth.

Dec. 13, 1940.

Rehearing Denied Jan. 31, 1941.

DUNKLIN, Chief Justice.

This suit was instituted by Mrs. Ann Moring against Wolf & Klar, Inc., a corporation, doing business in the City of Fort Worth, to recover title and possession of: "Ladies Swiss platinum and diamond wrist watch, with round dial, watch itself is not round, but has little wings on each side, with approximately 60 small cut diamonds around the dial and in the wings, of a value of $150.00. Platinum bracelet with approximately 40 small cut diamonds, same as in the watch, of a value of $100.00," upon allegations that defendant is in the unlawful possession of the jewelry, and had acquired possession thereof without her knowledge or consent, and is now asserting an unlawful claim of title thereto. That she was married to J. C. Moring, but had permanently separated from him, and he had refused to join with her in the suit. Further, that the wrist watch was owned by

her before her marriage and the bracelet was a gift to her by her husband during their marriage relation. Plaintiff's petition concluded with a prayer for such further relief, general and special, to which she may be entitled.

Defendant answered by a general demurrer and general denial; with a special answer in which it was alleged that on January 11, 1937, and on October 16, 1937, plaintiff's husband, with her knowledge and consent, pledged the jewelry to the defendant, who accepted the same in full reliance upon plaintiff's silence and acquiescence in the transaction; that her husband is now insolvent; by reason of all which plaintiff is estopped now to claim title to the jewelry.

By cross-action defendant alleged that on December 5, 1938, plaintiff's said husband borrowed from the defendant the sum of $100, and as security therefor executed a pledge agreement No. 28745, according to the terms of which he agreed to pay said loan with interest thereon at the rate of ten per cent per annum from date until paid, and as security therefor he pledged the jewelry described in plaintiff's petition, the reasonable cash market value of which is $250; with further allegations that plaintiff is claiming some right, title or interest in the jewelry which is inferior to the defendant's lien. Defendant then prayed for personal judgment against J. C. Moring for the sum of $100, with interest thereon at the rate of ten per cent per annum, and for foreclosure of lien on the jewelry to secure the same, as against plaintiff and husband, J. C. Moring.

In answer to that pleading plaintiff filed a general demurrer and general denial.

The case was tried to the court without a jury and judgment was rendered denying plaintiff, Mrs. Ann Moring, recovery of title to the jewelry and awarding to the defendant, Wolf & Klar, Inc., personal judgment for $111.25, with interest at six per cent against J. C. Moring, husband of plaintiff, with foreclosure of the pledge agreement and lien as it existed on December 5, 1938, against the jewelry in controversy. With recital of findings by the court, "that on December 5, 1938, with the knowledge, consent and acquiescence of his wife, Mrs. Ann Moring, J. C. Moring borrowed of Wolf & Klar, Inc., the sum of $100, and as evidence of said loan and as security therefor, executed in its favor a note and their pledge agreement No. 28745. That for the purpose of collateralizing said loan, with the knowledge, consent and acquiescence of his wife, J. C. Moring delivered to Wolf & Klar, Inc., the personal property which she had turned over to him, which is hereinafter described." Then follows the same description of the jewelry in controversy as appears in plaintiff's petition. There was a further recital that J. C. Moring, though duly served with citation, had made default; also, "that the material allegations contained in the second amended answer and cross-action of Wolf & Klar, Inc., are true and correct."

Plaintiff, Mrs. Ann Moring, duly excepted to the judgment and gave notice of appeal to this court.

The finding of the court that the act of J. C. Moring in pledging the two articles of jewelry sued for by plaintiff, Mrs. Ann Moring, was with her consent is amply supported by the evidence; nor has appellant challenged that finding of fact; but by assignments of error here presented she insists that the pledge agreement No. 28745, which was made the sole basis of defendant's cross-action, was void and unenforceable, because at the time of that transaction defendant was pursuing the business of a pawnbroker, as defined by Art. 6146, Vernon's Texas Annotated Civil Statutes, and had entered into that pledge agreement without complying with the requirements of Arts. 6148 and 6149 of the pawnbroker statutes, appearing in Title 107, Rev.Civ.St., reading:

"Art. 6148. *Register*. Each pawnbroker shall keep a well bound book, to be kept open for inspection in which he shall register all his transactions as a broker at the time the same occurs. Such register shall show—

"1. An accurate description of the article pawned.

"2. From whom received.

"3. The time and the amount for which the article is pawned; its probable value and the rate of interest agreed upon. * * *"

"Art. 6149. *Pawn ticket*. The broker shall give to the party pledging a ticket corresponding to the entry on the book of registry."

But plaintiff did not allege that defendant was engaged in the business of pawnbroker and that the pledge was in violation of the statutory requirements, by an alternative pleading as a ground for recovery of title in the event she should fail to sustain her allegation that the pledge was without her knowledge and consent, which was the only ground on which she sought a recovery of title to the jewelry in question. Nor did it appear from any of defendant's pleadings that the loan in question was a pawnbroker's loan. However, the pledge agreement No. 28745 was not introduced in evidence; and while J. C. Moring testified he pledged the articles for the loan, and Gilden, defendant's agent in charge of defendant's business, also testified to the same effect, neither of those witnesses even attempted to state the contents of said pledge agreement. Clearly that testimony was incompetent to establish the pledge agreement which was in writing, and made the basis of the cross-action. 17 Tex.Jur., § 353, p. 793, and decisions there cited.

Indeed, the record shows that ten days after the judgment was rendered, defendant filed a motion to set aside the judgment and grant a new trial for the sole purpose of permitting it to introduce in evidence that pledge agreement, which, through oversight, had not been introduced on the trial. Attached to the motion was a copy of the pledge agreement in writing, signed by J. C. Moring and defendant, and setting out in full the contract of loan made to J. C. Moring and the pledge of the wrist watch sued for by plaintiff, but not covering the bracelet. The court sustained plaintiff's demurrer to that motion; and defendant has not challenged that ruling.

Many authorities are cited by appellant to support her contention that the pledge agreement was void, for the reasons noted above, and authorities are cited by appellee to support the contrary view.

We deem it unnecessary to determine the merits of those opposing contentions, because in the absence of proof of the pledge agreement, which was in writing, there was no sufficient basis for the judgment sustaining the defendant's cross-action. 25 Tex.Jur. pp. 480 to 483, inclusive. And by reason of that error in rendering judgment in favor of defendant, foreclosing the alleged pledge lien on the two articles of jewelry in question, as against plaintiff, Mrs. Moring, the judgment rendered is reversed in its entirety, and the cause is remanded for further proceedings, in accord with the rules of law applicable thereto, since the interests of the plaintiff and defendant in the jewelry are so interrelated as to require such.

Reversed and remanded.